SCHOTT, Judge.
Plaintiff Whittaker and defendant Vetsher entered into an agreement of February 17, 1975, under which Vetcher agreed to purchase real estate from Whittaker for $187,200 cash, the act of sale to be passed on or before May 22,1975. Pursuant thereto Vetsher deposited in escrow with Century National Bank the sum of $18,000.
The three parties entered into an escrow agreement which'was made a part of the agreement to purchase and sell requiring that Whittaker obtain a court order from a court of competent jurisdiction authorizing the transfer of the interest belonging to his deceased wife and providing as follows:
“5. Upon Robert V. Whittaker, Sr., obtaining the necessary order of court to sell the described property he shall deliver to Lawyers Title Insurance Corporation a certified copy of same. The said Lawyers Title Insurance Corporation shall then issue its title binder free and clear of any exceptions whatever, to Vetsher, Inc., or its nominee.
“6. Vetsher, Inc. shall have forty-five (45) days from the date on which Robert V. Whittaker delivers the necessary court order to Lawyers Title Insurance Corporation in which the act of sale from Robert V. Whittaker, Sr., et al to Vetsher, Inc. shall be passed.”
A copy of the court order was not delivered to Lawyers Title and the sale could not be passed before the deadline. This suit followed with both parties seeking the $18,-000 in escrow. The agreement provided for forfeiture of the deposit to Whittaker in the event of default by Vetsher but did not provide for penalty provisions in favor of Vetsher in the event of default by Whittaker, only the right to demand specific performance.
The trial judge awarded judgment in favor of Vetsher for the $18,000 with ah order to the bank to deliver said amount, and in favor of Vetsher against Whittaker for legal interest on the $18,000 from May 22, 1975, until paid. Whittaker has appealed.
The trial judge, in reasons for judgment, found that Clause 5 of the contract had not been complied with by Whittaker entitling Vetsher to a judgment.
On April 7, 1975, Whittaker’s attorney sent a copy of the court order he had obtained to Vetsher’s attorney, stating “I am enclosing for your files copy of the judgment . . . ”
Vetsher’s attorney testified: When he got this copy he simply filed it away under the assumption that the original was being sent to Lawyers Title Insurance Company. On May 21, upon contacting Lawyers Title so as to prepare for the sale, he learned that they never received the certified copy of the court order.
The attorney for Lawyers Title, Jess R. Nelson, testified that he knew nothing about the death of Mrs. Whittaker, the need for the court order or the escrow agreement’s provisions until his conversation with Vetsher’s attorney. Nelson testified that the title had been examined previously and a binder issued in 1974 but the succession proceedings would have to be *258 examined before a supplemental binder could be issued. It is reasonable to infer from his testimony that this could not be accomplished in one day.
Plaintiff’s attorney presented evidence that an original loan commitment had been made to Vetsher for the purchase of this property in 1974, but at a meeting among the parties he was informed that the bank had withdrawn its commitment. However, on March 5, 1975, Vetsher’s attorney informed Whittaker’s attorney, “I just wanted to assure you that with or without the loan from First National Bank of Commerce Vetsher will go through with the purchase of the subject land.”
Robert 0. Klein testified that he owned one-third of Vetsher and that the principals of Vetsher were able and willing to finance this transaction despite the bank’s withdrawal of its loan commitment.
Inherent in the decision of the trial judge is an acceptance of the credibility of Vetsher’s attorney and Mr. Klein.
The agreement to purchase and sell expired by its own terms on May 22. Whittaker attempted to exact penalty provisions against Vetsher and had the burden to prove strict compliance on his part with the agreements as well as fault on Vetsher’s part. We cannot say that the trial judge erred in finding that Whittaker failed to carry his burden of proof on these issues.
However, we find no basis for the trial judge’s assessment of interest against Whittaker. The agreement to purchase specifically provides that the “deposit is to be non-interest bearing,” so that both parties waived the right to claim interest otherwise due under LSA-C.C. Art. 2924.
Accordingly that portion of the judgment in favor of Vetsher, Inc. and against Robert V. Whittaker for legal interest on the sum of $18,000 from May 22, 1975, until paid is reversed and set aside;
In all other respects the judgment appealed from is affirmed. Costs of this appeal are to be divided between Robert V. Whittaker and Vetsher, Inc.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.